# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CELESTE KIRBY,**<br><br>    Plaintiff,<br><br>v.<br><br>**SOUTHERN UTAH UNIVERSITY,**<br><br>    Defendant. | **REPORT AND RECOMMENDATION**<br><br>**Case No. 2:15-cv-00022-DB-DBP**<br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Dustin B. Pead** |

## I. Introduction

This case was referred to the court pursuant to 28 U.S.C. 636(b)(1)(B). (ECF No. 11.) Plaintiff Celeste Kirby seeks to recover damages for alleged discrimination under the Americans with Disabilities Act ("ADA"). (ECF No. 3.) This matter is presently before the court on Defendant's Motion to Dismiss. (ECF No. 10.) Plaintiff did not file an opposition to the motion, which was submitted for decision on August 5, 2015. (ECF No. 12.)

## II. Analysis

### a. Pro se plaintiff

A pro se litigant's pleadings are to be construed liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

b.  **Defendant's Motion to Dismiss**

Defendant argues that it is entitled to dismissal because it is immune from suit under the Eleventh Amendment to the United States Constitution. (*See* ECF No. 10 at 2–3.) Defendant cites *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 575 (10th Cir. 1996), in support of its claim of sovereign immunity. In *Watson*, the Tenth Circuit concluded that the University of Utah was entitled to Eleventh Amendment immunity because that institution was an "arm of the state." *Id.* The court so found because the University is governed by the State Board of Regents pursuant to the Utah Code. *Id.* (citing Utah Code Ann. §§ 53B-1-101; 63A-4-103). A review of the Utah Code reveals that Defendant is subject to the same statutory scheme. *See* Utah Code Ann. § 53B-1-102(1)(b) & (e) (defining the University of Utah and Southern Utah University as part of the state's system of higher education). The *Watson* court noted that the Tenth Circuit has "consistently found state universities are arms of the state." *Watson* at 575. While states may waive immunity, the state of Utah has not waived immunity from suit in this circumstance. *See* Utah Code Ann. §63G-7-301.

Also, Congress can modify operation of the Eleventh Amendment through legislation enacted pursuant to the Fourteenth Amendment, such as 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Congress has . . . undoubted power under § 5 of the Fourteenth Amendment to override that immunity . . . .") Yet, the U.S. Supreme Court indicated that 42 U.S.C. § 1983 did not override a state's sovereign immunity as it pertains to suits against state entities, or to recover money damages from state actors in their official capacity. The statute only permits suits against a "person," but "[n]either the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983." *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995) (citing *Will*). Here, Plaintiff seeks

only money damages against Defendant, an arm of the state. Accordingly, Congress has not altered Eleventh Amendment immunity in a way that would permit the present suit.

Next, Defendant argues that it enjoys discretion in making academic judgments. The court finds it imprudent to reach this argument given its conclusions above, coupled with the fact-intensive nature of that inquiry.

Moreover, Plaintiff apparently has no objection to dismissal of this lawsuit. The court takes judicial notice of a filing made in a separate case filed by Plaintiff in this District. *See Kirby v. Larson et al.*, Case. No. 15-602 (D. Utah. Aug. 25, 2015). In that case, Defendant's counsel attached to a motion a copy of an August 8, 2015 email in which Plaintiff indicates she "will allow defendant to dismiss and will pursue legal action against the individuals involved." *Id.* at ECF No. 13, Ex. 1.) It is unclear why counsel did not notify this court in August of the email.

Based on the foregoing, the Court **RECOMMENDS GRANTING** Defendant's Motion to Dismiss and dismiss the claims against Defendant with prejudice.[1]

### III. RECOMMENDATION

For the reasons set forth above, this Court **RECOMMENDS** that the District Court:

**GRANT** Defendant's Motion to Dismiss Complaint. (ECF No. 10.)

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

---

[1] *See Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1341-42 (10th Cir. 2000) (holding that dismissal with prejudice is permissible on a successful motion to dismiss based on qualified immunity).

Dated this 14th day of January, 2015.                By the Court:

_____
Dustin B. Pead
United States Magistrate Judge